**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 16-51098 |
| | : | |
| Jonathon Chatman | : | Chapter 13 Proceeding |
| | : | |
| Debtor. | : | Judge Caldwell |

### TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE

Now comes Frank M. Pees, standing Chapter 13 Trustee, and hereby files this Motion to Dismiss with prejudice pursuant to 11 U.S.C. §§1307(c) and 109(g) and Fed. R. Bankr. P. 1017. The reasons for the Trustee's Motion to Dismiss with Prejudice are set forth below.

### MEMORANDUM

Debtor James Thomas ("Debtor") filed this Chapter 13 case *pro se* on February 25, 2016. This is Debtor's third Chapter 13 bankruptcy filing in the last seven (7) months. Debtor's previous bankruptcies were disposed of as follows:

**15-54607 (Chapter 13):** **Debtor's Chapter 13 petition was filed by Attorney Robin Stith on July 16, 2015. Debtor's case was assigned to Trustee Faye D. English. Debtor's case was dismissed on September 2, 2015 for failure to pay filing fees. At the time of dismissal, Debtor had failed to attend the 341 Meeting of Creditors and a Notice of Overdue Installment Payment had been issued by the Clerk of Court.**

**15-57835 (Chapter 13):** **Debtor's Chapter 13 petition was filed pro se on December 9, 2015. Debtor's case was assigned to Trustee Faye D. English. Debtor's case was dismissed on January 22, 2016 for failure to file the Plan, Schedules and Certificate of Credit Counseling. At the time of dismissal, Debtor had failed to attend the 341 Meeting of Creditors and a Notice of Overdue Installment Payment had been issued by the Clerk of Court.**

As shown above, each of Debtor's two previous Chapter 13 bankruptcies were dismissed prior to confirmation. In each of the previous Chapter 13 cases, Debtor failed to pay even the first of his filing fee installment payments to the Clerk of Court and failed to attend his scheduled 341 Meeting of Creditors.

1

In the present case, Debtor has not filed any schedules or a Chapter 13 Plan as required by the Bankruptcy Code. The deadline for filing these documents has passed and Debtor has not moved this Court for an extension of time to do so.

Debtor's repeated filings and failure to file required documents constitute a lack of good faith and abuse of the bankruptcy process. Section 1307(c) of the Bankruptcy Code provides that a Chapter 13 case may be dismissed "for cause." Also, Section 109(g) of the Bankruptcy Code prohibits an individual from being a debtor under Title 11 if in the preceding 180 days the individual was a debtor in a case that was "dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case …." A dismissal with prejudice under 11 U.S.C. §109(g) prohibits a debtor from filing a case under Title 11 for 180 days.

"The filing of multiple cases absent changed circumstances is an abuse of the bankruptcy process from which a court may infer a willful failure to abide by orders of the court." In re Wellman, 2006 Bankr. LEXIS 86 (BAP 6th Cir., 2006), citing, Casse v. Key Bank Nat'l Assoc. (In re Casse), 198 F.3d 327 (2d Cir. 1999); Tolbert v. Fink (In re Tolbert), 255 B.R. 214 (B.A.P. 8th Cir. 2000), aff'd, 14 Fed. Appx. 735 (8th Cir. 2001).

Furthermore, the failure of a debtor to propose a plan in good faith, as required for confirmation of a plan under 11 U.S.C. §1325(a)(3), may be grounds for dismissal of a case under 11 U.S.C. §1307. In this Circuit, courts review the totality of the circumstances to determine a debtor's lack of good faith. Metro Employees Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah), 836 F.2d 1030 (6th Cir. 1988); See, also, In re Henry, 328 Bankr. 529 (Bankr. S.D.Ohio 2004). Included within the 12 factors listed in Okoreeh-Baah are the frequency with which the debtor has sought relief under Title 11, the motivations and sincerity of a debtor in

proposing a plan, and the proposed length and feasibility of the plan. <u>Okoreeh-Baah</u>, 836 F.2d at 1032.

As stated above, Debtor has filed three Chapter 13 bankruptcies in the past seven (7) months. Each of Debtor's previous Chapter 13 cases were dismissed prior to confirmation without Debtor making a single filing fee installment payment or attending the 341 Meeting of Creditors. In this case, Debtor has failed to file Schedules or a Chapter 13 Plan. It is the Trustee's position that Debtor is not filing his bankruptcies in good faith.

Wherefore, the Trustee moves that this case be dismissed <u>with prejudice</u> pursuant to 11 U.S.C. §§1307 and 109(g) for want of prosecution and/or abuse of the bankruptcy process, that Debtor be barred from filing any additional bankruptcy petitions for a time period of one hundred eighty (180) days, and that this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Frank M. Pees by DTP
Frank M. Pees, Chapter 13 Trustee
130 East Wilson Bridge Road, Suite 200
Worthington, Ohio  43085-6300
(614) 436-6700
(614) 436-0190 (fax)
Trustee@ch13.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 16-51098 |
| | : | |
| Jonathon Chatman | : | Chapter 13 Proceeding |
| | : | |
| Debtor. | : | Judge Caldwell |

## NOTICE OF MOTION TO DISMISS

The Chapter 13 Trustee has filed papers with the court to dismiss this case with prejudice.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to dismiss this case, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, U.S. Bankruptcy Court, 170 N. High Street, Columbus, OH 43215 OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or 2) regular U.S. Mail to:

| | | |
|---|---|---|
| Frank M. Pees | United States Trustee | Jonathon Chatman |
| Chapter 13 Trustee | 170 N. High Street, #200 | 2601 McCutheon Road |
| 130 E. Wilson Bridge Road, #200 | Columbus, OH 43215 | Columbus, Ohio 43219 |
| Worthington, OH 43085 | | |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

**If a response is filed within the time provided above**, then a hearing will be held on **April 12, 2016 at 1:00PM, at U.S. Bankruptcy Court 5th Floor, 170 N. High Street Courtroom B, Columbus, OH 43215.** If no response is filed within the time provided, **then no hearing will be held.**

Dated: March 11, 2016            /s/ Frank M. Pees by DTP
                                 Frank M. Pees
                                 Chapter 13 Trustee
                                 130 E. Wilson Bridge Rd., #200
                                 Worthington, OH 43085
                                 (614) 436-6700

SERVE ALL PARTIES