### IN THE UNITED STATES BANKRUTPCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | : |
| | : Case No. 10-56271 |
| Brett Allen Rigney | : |
| Kathryn Marie Rigney | : Chapter 13 |
| | : |
| | : Judge CALDWELL |
| Debtors. | : |

**DEBTORS' MOTION TO REQUIRE THE OHIO DEPARTMENT OF TAXATION TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT**

Now come Brett and Kathryn Rigney ("Debtors") and move this Court to require creditor, the Ohio Department of Taxation ("OTAX") to appear and show cause why it should not be held in contempt for violating the discharge injunction imposed under 11 U.S.C. §524(a).

### I.    BACKGROUND

The Debtors filed this Chapter 13 case on May 25, 2010. ECF 1. On September 3, 2010, the Debtors filed their Second Amended Chapter 13 Plan ("Plan"). ECF 41. OTAX did not object to confirmation of the Debtors' Plan. The Court confirmed the Debtors' Plan on November 25, 2010. ECF 53. The Debtors' confirmed Plan provided for payment of debt owed to OTAX in provisions A(3), D(1), and F(1). ECF 41.

Provision D(1) states (emphasis added):

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and <u>post-petition penalties and interest, that have accrued or will accrue</u> on any such claims shall be treated as <u>Class 5</u> general unsecured claims and shall not be entitled to priority.

OTAX's last amended claim was filed on November 4, 2010 in the total amount of $25,265.78 ("Claim"). Claim 21-1. OTAX's Claim sought repayment as an unsecured priority

1

claim under "11 U.S.C. §507(a)(8)" in the amount $477.16 covering tax period 2007. Id. OTAX's Claim further sought repayment as an "unsecured general claim" in the amount of $24,788.62 covering tax periods 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006, and the pre-petition penalties related to 2007. Id.

On February 24, 2015, the Chapter 13 Trustee filed his Certification of Final Payment and Case History. ECF 85. OTAX did not object. Further, OTAX did not otherwise seek additional payment for post-petition penalties and/or interest accruals (as Class 5 claims) as permitted by Section D(1). On March 18, 2015, the Court entered the Discharge of Debtors after Completion of Chapter 13 Plan ("Discharge"). ECF 87. The Debtors' case closed on June 23, 2015.

During the course of their Chapter 13 case, the Debtors paid OTAX $477.16 on its §507(a)(8) priority claim, and an additional $2,416.89, which represented the 9.75% dividend paid to the OTAX's Class 5 general unsecured claims. Exhibit 1 and ECF 85. OTAX received no additional Class 5 dividend for any post-petition penalties or interest on any of its priority or general unsecured claims.

After their discharge the Debtors began receiving collection correspondence from the Ohio Attorney General, and special counsel to collect. On September 23, 2015, the Debtors' counsel sent an email notification to an assistant Ohio Attorney General and one of its outside counsel to inquire about the post-discharge collections. On September 23, 2015, OTAX responded stating:

> We currently have five assessments open here against Mr. and Mrs. Rigney. All five were on the proof of claim filed in the case and classified as general unsecured, non-priority debts. However, no tax returns were eve (sic) filed for these periods. Since the plan only paid 9.75% to general unsecured creditors, the claims for these periods were not fully paid. Under 11 U.S.C. 1328(a)(2), the failure to file the return excepts these assessments

2

from discharge. Payments received during the bankruptcy have been credited to the assessments, and all discharged penalties have been removed.

On or around January 4, 2016, OTAX caused two judgment liens to be filed in the Delaware County, Ohio Court of Common Pleas. Exhibits 2 and 3.

The Debtors reopened their Chapter 13 case on February 29, 2016. ECF 95. No resolution of the issue has occurred.

## II. LAW AND ARGUMENT

The Debtors' Plan "provided for" payment of the debts owed to OTAX, inclusive of the payment of any and all post-petition penalties and interest. The Debtors believe that all or most of the debts owed to the OTAX been lawfully discharged. OTAX has continued to attempt to collect on such discharged debts in violation of 11 U.S.C. §524(a).

### A. DISCHARGEABILITY OF TAX DEBT IN CHAPTER 13

After 2005, certain tax debts that go unpaid after completion of a Chapter 13 Plan may not be discharged. 11 U.S.C. §1328(a)(2). Specifically, a Chapter 13 discharge does not extend to tax debt remaining after completion of a Chapter 13 Plan for unpaid taxes resulting from: (i) "trust fund" taxes; (ii) unfiled tax returns; (iii) late-filed tax returns (unless more than 2 years has expired after the late return filing but before the date of the petition); and (iv) fraudulent returns or willful attempts by a debtor to evade tax. Id. See, also, 11 U.S.C. §§506(a)(8)(C); 523(a)(1)(B) and 523(a)(1)(C).

Additionally, unpaid pre-petition and post-petition interest on such non-dischargeable tax claims would likewise be non-dischargeable. *Johnson v. Internal Revenue Serv. (In re Johnson)*, 146 F.3d 252, 260 (5th Cir. 1998); *Bruning v. United States*, 376 U.S. 358, 363, 84 S. Ct. 906, 11 L. Ed. 2d 772, 1964-2 C.B. 500 (1964). *United States v. River Coal Co.*, 748 F.2d 1103 (6th Cir. 1984).

However, pre-petition and post-petition tax penalties within the meaning of 11 U.S.C. §523(a)(7) can be discharged in Chapter 13. 11 U.S.C. §1328(a)(2) (§523(a)(7) is omitted from the list of non-dischargeable provisions).

The amounts sought by OTAX are not "trust fund" taxes or remaining debt resulting from fraudulent returns. Rather, it appears that OTAX may be attempting to collect certain unpaid portions of the income taxes, pre-petition and post-petition interest for tax years 1999 through 2007 based upon its belief that certain tax returns were unfiled.

### B.  OTAX'S PROOF OF CLAIM AND THE DEBTORS' TAX RETURNS

In its Claim, OTAX represented which portions were sought for priority treatment and which portions were sought for general unsecured claim treatment. As support, OTAX provided a three-page attachment – with no internal source records. The Claim offered no explanation for OTAX's derivation of the date of tax assessments, nor did it offer further explanation as to many other details necessary to determine whether the tax debt(s) are or are not dischargeable under 11 U.S.C. §1328(a). In particular, OTAX did not indicate which tax returns were allegedly not filed by the Debtors.

A proof of claim serves as evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). It does not facially determine whether any unpaid portion of the unsecured priority or non-priority debt is non-dischargeable. Id.

Based upon the response from the OTAX it appears that OTAX may have treated the debt associated with certain tax years as resulting from unfiled returns. It appears further that OTAX is attempting to recover the amounts unpaid in Plan for such years, plus post-petition interest. OTAX does not appear to be attempting to recover pre-petition or post-petition penalties. But again, the Claim offers no clues as to which tax returns were treated as unfiled.

Assuming *arguendo* that certain returns were indeed unfiled, then the unpaid portion of the prepetition tax and interest owed thereon could be deemed non-dischargeable. 11 U.S.C. §1328(a)(2) and §523(a)(1)(C).

However, the Debtors' Plan "provided for" treatment of "any and all post-petition penalties and interest" as Class 5 dischargeable debt. OTAX did not object to confirmation of the Plan. Further, OTAX did not file a claim to recover the Class 5 dividend as to the post-petition interest. Assuming that the unpaid debt remaining after the Debtors completed their Plan is non-dischargeable, then OTAX is violating the discharge injunction to the extent it is seeking recovery of post-petition interest that was provided for by the Plan. 11 U.S.C. §1328(a) and §524(a).

It is worth noting here that Chapter 13 plans do not generally permit payment of post-petition interest unless all allowed claims are paid in full. 11 U.S.C. §1322(b)(10). Indeed, the Debtors' Plan provided for 9.75% repayment to Class 5 claims. Nevertheless, the Form Plan used in this jurisdiction sets in permanent boilerplate, the aforementioned language in Section D(1). The Plan was properly served upon OTAX. OTAX had every opportunity to object to confirmation but failed to do so. Moreover, OTAX had an opportunity to recover a portion of the post-petition interest but apparently chose not to. Thus, to the extent the Form Plan is in conflict with the Code and/or with the dischargeability rights of OTAX, it nevertheless became binding upon OTAX after confirmation. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

### III.   CONCLUSION

Based upon the foregoing, the Debtors ask this Court to issue a Show Cause Order to require OTAX to appear and explain why it should not be held in contempt for violating their

rights under 11 U.S.C. §524(a). The further ask this Court for all other relief for which they may be legally and equitably entitled.

          Respectfully submitted,

          /s/ Matthew J. Thompson _____
          Matthew J. Thompson (0040759)
          James E. Nobile (0059705)
          **Nobile & Thompson Co., L.P.A.**
          4876 Cemetery Road
          Hilliard, OH 43026
          614-529-8600 (Phone)
          614-529-8656 (Fax)
          *mjthompson@ntlegal.com*
          *jenobile@ntlegal.com*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true copy of the foregoing DEBTORS' MOTION TO REQUIRE THE OHIO DEPARTMENT OF TAXATION TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT and the attached Form 20A were served by electronic mail upon the following on the 9th day of May 2016:

The US Trustee,
The Chapter 13 Trustee

And by regular U.S. Mail postage pre-paid on this 9th day of May, 2016 upon:

Brett & Kathryn Rigney
782 Executive Blvd.
Delaware, OH 43015

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

Ohio Attorney General
Collections Enforcement
150 E. Gay St., 21st Floor
Columbus, OH 43215

Brian Gianangeli
The Law Office of Charles Mifsud, LLC
6305 Emerald Parkway
Dublin, OH 43016

                                              /s/ Matthew J. Thompson
                                              Matthew J. Thompson (0040759)
                                              **Nobile & Thompson Co., L.P.A.**

# Form 20A NOTICE OF MOTION

The Debtor(s) has/have filed papers with this Court requesting the relief sought in the OBJECTION enclosed with this NOTICE.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to GRANT the relief requested in the enclosed MOTION, or if you want the Court to consider your views on the MOTION, then on or before **21 DAYS FROM THE DATE SET FORTH IN THE CERTIFICATE OF SERVICE OF THIS MOTION**, you or your attorney must:

1. File with the Court, a written response to the OBJECTION expressing your objection or viewpoint. The response is to be filed with the Clerk of Courts at <u>170 N. High St. Columbus, Ohio 43215.</u>

    If you mail your written response to the Court for filing by the Clerk, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. You must also mail a copy of the written response to the Debtor(s) at the address listed on the front of this paper entitled Certificate Of Service.

3. You must also mail a copy of the written response to **Nobile & Thompson Co, LPA, 4876 Cemetery Road, Hilliard, OH 43026.**

4. Finally, you must attend any Court hearing scheduled to consider this MOTION. The Court will likely schedule an oral hearing and serve only those parties who have in fact filed a written response.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the MOTION and may enter an order granting that relief.

8